UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIM P. THOMAS, ET AL					CIVIL ACTION

VERSUS							NO. 06-9096

KENNETH TAYLOR, ET AL				SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiffs, Kim P. Thomas and Kenneth O. Thomas.  Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is inappropriate for the following reasons.

The plaintiffs' claims concern unpaid claims for hurricane damage under a homeowner's policy issued by defendant Allstate Insurance Company ("Allstate") to the plaintiffs regarding their property in Violet, Louisiana.[1]  The plaintiffs claim that Kenneth Taylor ("Taylor"), a Allstate insurance agent, failed to advise the pliantiffs of

---

[1] There is no issue that Allstate's policy was initially issued in 1995 or that it was renewed on February 13, 2005, more than one year prior to filing suit in August 25, 2006.

an insurance gap, failed to close the gap, and failed to warn and apprise the plaintiffs as to problems with their coverage. (Pet. ¶ XXIV).  This matter was removed on the basis of diversity jurisdiction and 28 U.S.C. § 1441. [2]

Allstate argues that Taylor, the non-diverse insurance agent defendant, was fraudulently joined in order to defeat removal.  "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court.  Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994).  This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).  See also Melder v. Allstate Corp, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs

---

[2] To the extent that this matter was removed on the basis of jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act,  28 U.S.C. § 1369 and § 1441(e)(1) ("MMTJA"), this Court has ruled that the MMTJA does not apply in Hurricane Katrina cases such as this one. Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006).  It also agrees with Judge Duval's subsequent analysis that the requisite deaths occur at a discrete location.  Case v. ANPAC Louisiana Insurance Co.,  2006 WL 3615064 (E.D.La.).  Therefore, removal under the MMTJA is improper.

might be able to recover under Louisiana state law against the non-diverse defendant ..." A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. Smallwood, 385 F.3d at 572.

The Court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. Southern Athletic Club,LLC v. Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss

sustained as a result of the agent's breach of his duty to procure such coverage. Id. However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).  On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested. Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987).

Here, the petition is devoid of any allegations that Taylor failed to use reasonable diligence in placing the insurance requested or did not promptly notify the client if he has failed to obtain the insurance requested.  There are no allegations that Taylor undertook any greater duty to the plaintiffs.  As such, Allstate has shown that Taylor was improperly joined.[3]

Allstate's alternative argument that any claim against Taylor are preempted is also persuasive.   Under La. Rev. Stat. 9:5606A:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide

---

[3]     The Court is satisfied that the jurisdictional minimum existed at the time of removal.

>insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The plaintiffs do not address this argument at all.

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiffs, Kim P. Thomas and Kenneth O. Thomas is DENIED. (Rec. Doc. 4).

New Orleans, Louisiana, this 16th day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE